**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: SPANISH PEAKS HOLDINGS II, LLC, <br><br> Debtor, <br><br> ------------------------------ <br><br> BOYNE USA, INC.; BIG SKY RESORT LLC, <br><br> Creditors-Appellants, <br><br> v. <br><br> ROSS P. RICHARDSON, Chapter 7 Trustee of the Estates of Spanish Peaks Holdings II, LLC, Spanish Peaks Lodge LLC, and The Club at Spanish Peaks, <br><br> Trustee-Appellee. | No. 14-35945 <br><br> D.C. No. 2:14-cv-00022-SEH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 6, 2017[]
Seattle, Washington

Before:  KOZINSKI and W. FLETCHER, Circuit Judges, and BLOCK,[***] District Judge.

Boyne, USA, Inc. and Big Sky Resort, LLC appeal from the district court's order affirming the bankruptcy court's approval of a settlement agreement between the trustee of the estates of three debtors (the "Estates") and various insider entities (the "Debtor-Affiliates").

"In an appeal from the district court's affirmance of a decision of the bankruptcy court . . . we are, in essence, reviewing the final order of the bankruptcy court." *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1380 (9th Cir. 1986).  We review the bankruptcy court's decision to approve the settlement agreement for abuse of discretion.  *Id.*

The bankruptcy court did not abuse its discretion in approving the Debtor-Affiliate Settlement.  Under Federal Rule of Bankruptcy Procedure 9019, a bankruptcy court "may approve a compromise or settlement" on motion by the trustee and after notice and a hearing.  The settlement must be "fair and equitable."

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*In re A&C Properties*, 784 F.2d at 1381. In determining whether a settlement satisfies this standard, the bankruptcy court must consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* Generally, the bankruptcy court does not abuse its discretion if it makes "a full and fair independent assessment of the wisdom of the compromise." *Id.* at 1383.

Here, the bankruptcy court held an evidentiary hearing and considered the *A&C Properties* factors. In particular, it noted that litigation of the Estates' fraudulent conveyance and preference claims would likely be expensive in light of the Debtor-Affiliates' possible defenses, and it credited the testimony of the trustee's financial advisor regarding the likely difficulty of collection. On this record, the bankruptcy court did not abuse its discretion in approving either the settlement or the trustee's proposed allocation of the proceeds.

**AFFIRMED.**